Elizabeth A. Falcone, CA Bar No. 219084
elizabeth.falcone@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500
Portland, OR  97201
Telephone:     503-552-2140
Facsimile:      503-224-4518

Attorneys for Defendant
J. R. SIMPLOT COMPANY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON DELGADO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. R. SIMPLOT COMPANY, a Nevada corporation, JASON WILLARD, an individual, and DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | Case No.<br><br>**DEFENDANT J.R. SIMPLOT COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332 AND 1441**<br><br>[Filed concurrently with Civil Cover Sheet, Certification of Interested Parties and Disclosure Statement; Declarations of Elizabeth A. Falcone, and Kala Killworth in Support of Removal]<br><br>Complaint Filed:  January 9, 2023<br>State Court Case No.: 23CECG00082 |

---

1

DEFENDANT J. R. SIMPLOT COMPANY'S NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AARON DELGADO AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT Defendant J.R. Simplot Company ("Simplot"), by and through the undersigned counsel, hereby removes the above-entitled action from the Superior Court of the State of California for the County of Fresno to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. Sections 1332 and 1441 based on the following grounds: (1) the undisputed facts demonstrate that Defendant Jason Willard ("Willard") is a sham defendant; (2) without this sham defendant, there is complete diversity of citizenship between Plaintiff, a citizen of the state of California, and Simplot, a citizen of the states of Nevada and Idaho; (3) the amount in controversy meets the jurisdictional requirement of exceeding $75,000 as set forth in Section 1332(a); and (4) this removal petition is timely filed. The foregoing facts are true as of the date of the filing of this Notice of Removal, as more fully set forth below and on the following grounds:

## I.  THE STATE COURT ACTION

On January 9, 2023, Plaintiff Aaron Delgado ("Plaintiff") filed a Complaint ("Complaint") in the Superior Court of the State of California, County of Fresno, entitled *Aaron Delgado v. J. R. Simplot Company, et al*, which was assigned case number 23CECG00082 (the "Complaint" or "State Court Action"). The Complaint is the operative complaint in this matter.

The Complaint alleges claims for: (1) Retaliation in Violation of California Labor Code Sections 233 and 246.5 against Simplot; (2) Retaliation in Violation of California Labor Code Section 98.6 against Simplot; (3) Wrongful Termination in Violation of Public Policy against Simplot; (4) Defamation against Simplot and Willard; and (5) Failure to Provide Notice of Vacation Time on Wage Statements/Failure to Pay Vacation Time Upon Termination of Employment in Violation of California Labor Code Sections 201, 203, 226, and 227.3 against Simplot.

On January 12, 2023, Simplot was served with the Summons and Complaint, as well as other documents filed in the State Court Action. *See* concurrently-filed Declaration of Elizabeth A. Falcone in Support of Removal (hereafter, "Falcone Decl.") ¶¶ 3-4, Exs. A-B. A true and correct

copy of the Complaint is attached as **Exhibit A**, to this Notice of Removal. *Id.* True and correct copies of all process, pleadings, and orders received by Simplot in this action are also attached as **Exhibit B** to this Notice of Removal. Simplot has not been served with any pleadings, process, or orders besides those attached. Falcone Decl., ¶ 4. Upon information and belief, Willard was served with the Summons and Complaint on January 20, 2023, but has not yet appeared in this action and Willard's time to appear has not run. *See* Falcone Decl., ¶ 5, Ex. C.

## II.     SATISFACTION OF PROCEDURAL REQUIREMENTS

This Notice of Removal is timely filed as it is filed less than one year from the date this action was commenced and within 30 days of the service of the Complaint upon Defendant. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (30-day deadline to remove commences upon service of the summons and complaint).

In accordance with 28 U.S.C. Section 1446(a), this Notice is filed in the District Court of the United States in which the action is pending. The Superior Court of California, County of Fresno, is located within the Eastern District of California. Therefore, venue for the purposes of removal is proper pursuant to 28 U.S.C. Section 84(c)(2) because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In accordance with 28 U.S.C. Section 1446(a), copies of all process, pleadings, and orders served upon Simplot are attached as **Exhibits A & B** to this Notice. In accordance with 28 U.S.C. Section 1446(d), a copy of this Notice of Removal is being served upon Plaintiff and a copy is being filed with the Clerk of the Superior Court of California, County of Fresno, and the Clerk of the Eastern District of California. True and correct copies of the Notices to Plaintiff and the state court shall be filed promptly.

## III.     COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

### A.     There Is Diversity Between the Proper Parties

For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he resides with the intention to remain or to which he intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff alleges that he "is an adult male residing in California." Compl., ¶ 1. Accordingly, Simplot is informed and believes that Plaintiff is a citizen

of the State of California for purposes of this removal.

Pursuant to 28 U.S.C. Section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The United States Supreme Court established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction in *Hertz Corporation v. Friend*, 559 U.S. 77 (2010). *Hertz* held that the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id*. at 93. The Court further clarified that the principal place of business is the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination." *Id*.

Simplot was at the time of the filing of this action, and still is, an entity incorporated under the laws of State of Nevada. *See* concurrently-filed Declaration of Kala Killworth (hereafter, "Killworth Decl."), ¶ 4. Further, Simplot's corporate headquarters, which are its center of direction, control, and coordination, are in the State of Idaho. Killworth Decl., ¶¶ 5-7. Therefore, at all material times, Simplot has been a citizen of the States of Nevada and Idaho.

Based on the foregoing, diversity is established between Plaintiff and Simplot. Plaintiff is a citizen of the State of California, and Simplot is a citizen of the States of Nevada and Idaho. Thus, this timely filed Notice of Removal is based on diversity between Plaintiff and Simplot. The Complaint names "DOES 1 through 20, inclusive," as defendants in this lawsuit. Plaintiff has not yet identified any of the fictitious "Doe" defendants identified in the Complaint, and the citizenship of "Doe" defendants is disregarded for the purposes of removal. 28 U.S.C. § 1441(a); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Accordingly, the minimal diversity of citizenship requirements under 28 U.S.C. Section 1332(a)(2) are met.

**B.     Jason Willard Is a Sham Defendant Whose Residency Should be Disregarded for Diversity Purposes.**

Fraudulent joinder provides an exception to the requirement of complete diversity. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (finding diversity where individual defendants were fraudulently joined). The non-diverse defendant who has been

fraudulently joined cannot serve to defeat removal based on diversity between the proper parties—which, in this case, are Plaintiff and his former employer, Simplot. *Morris v. Princess Cruises, Inc.* 236 F.3d 1061, 1067 (9th Cir. 2001). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe*, 811 F.2d at 1339; *see also Zogbi v. Federated Dept. Store*, 767 F. Supp. 1037, 1041 (C.D. Cal. 1991).

Removability is determined by the "four corners of the applicable pleadings, not through the subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). Diversity jurisdiction should consequently be analyzed at the time the complaint is filed and removal is effectuated. *Strotek Corp. v. Air Transp., Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). Fraudulently joined "sham defendants" are disregarded for purposes of subject matter jurisdiction, and the Court's exercise of diversity jurisdiction is proper. *McCabe*, 811 F.2d at 1339 (individual defendants in suit for, *inter alia*, wrongful termination and IIED were fraudulently joined and did not prevent removal); *Zogbi*, 767 F. Supp. at 1041 (individual employees were sham defendants whose presence did not destroy diversity).

Joinder of a defendant is a "sham" and is fraudulent if the defendant cannot be liable to the plaintiff on any theory alleged in the complaint. *See, e.g.*, *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *McCabe*, 811 F.2d at 1339. If there is no possibility that the state court would recognize a valid cause of action against the non-diverse defendants, then those defendants have been fraudulently joined and must be ignored for the purposes of diversity jurisdiction. *See, e.g., Ritchey*, 139 F.3d at 1318-19; *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979), *aff'd*, 710 F.2d 549 (9th Cir. 1983) (where fraudulent joinder is shown, "the court may disregard the joinder and retain jurisdiction."). If the facts reveal that joinder is fraudulent, the defendant may be dismissed from the action pursuant to Rule 21 of the Federal Rules of Civil Procedure, which provides that "[p]arties may be dropped or added by order of the court on motion of any party ... at any stage of the action and on such terms as are just." *Gasnik v. State Farm Ins. Co.*, 825 F.Supp. 245, 252 n. 5 (E.D. Cal. 1992).

Plaintiff's Complaint arises from an employment dispute with his former employer, Simplot.

However, Plaintiff's caption also names Willard. Plaintiff's Complaint purports to allege only one claim (defamation, the fourth cause of action contained in the Complaint) against Willard. Compl., ¶¶ 53-69. Yet, in support of Plaintiff's claims, Plaintiff alleges no actionable conduct by Willard.

### 1. Plaintiff Cannot Establish A Cause of Action Against Individual Defendant Willard For Defamation.

To state a *prima facie* case for defamation, Plaintiff must allege facts that show that Willard made "(a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." *Taus v. Loftus*, 40 Cal. 4th 683, 720 (2007). In his Complaint, Plaintiff makes the following allegations that mention Willard:

- "In April 2022," after "Plaintiff … [asked] if he had been accumulating PTO/vacation and sick leave," Willard "assured Plaintiff that he had been officially changed [sic] and Willard would confirm this with Supervisor Mike Smith the next day." Compl., ¶ 20. Plaintiff's Complaint does not explain to what Willard allegedly referred when he stated Plaintiff was "officially changed."

- "On or about October 5, 2020, Plaintiff…complained to [] Willard again about the PTO/vacation, sick leave and other benefits. Willard told Plaintiff that the statements he made to Plaintiff in April were false. Willard said he would talk to Supervisor Smith the next day to resolve the matter. The next day Willard and Smith terminated Plaintiff's employment." Compl., ¶¶ 23-24.

- Willard "acting within the course and scope of their agency or employment, at least in part, caused to be published, false and unprivileged communications tending directly to injure Plaintiff in his business and professional reputation." Compl., ¶ 54.

- Willard "falsely claimed that Plaintiff: (1) was incompetent; (2) failed to perform his work; (3) was insubordinate; (4) violated bank [sic] policy; and (5) engaged in misconduct." Compl., ¶ 54  Plaintiff does not explain what "bank" he is referring to (Simplot is not a bank; it is an agribusiness company).

- Willard "said these things to Smith and…repeated these things to staff in Human

Resources in order to get approval for Plaintiff's termination." Compl., ¶ 54. Plaintiff does not explain what "these things" were or to whom in Human Resources they were "repeated."

- Willard "told others, including subsequent potential employers, expressly or by implication, that Plaintiff was incompetent, violated company policy, failed to perform and complete his work, engaged in misconduct and deserved to be terminated." Compl., ¶ 54.

- "The statements set forth above were published with express and implied malice, and without privilege, on the part of Defendants, and each of them, and with design and intent to injure Plaintiff in his good name, reputation and employment." Compl., ¶ 59.

- "Each of these false defamatory per se publications (as set forth above) were negligently, recklessly and intentionally published in a manner equaling malice and abuse of any alleged conditional privilege (which Plaintiff denies existed), since the publications, and each of them, were made with animus, hatred, ill will and an intent to vex, harass, annoy and injure Plaintiff…" Compl., ¶ 65.

Plaintiff's allegations about Willard are difficult to understand, given the confusing reference to "bank policy," and conclusory statements about what Plaintiff alleges Willard actually said to defame him. Indeed, Plaintiff's Complaint does not identify *any* specific statements made by Willard whatsoever, much less one that might be defamatory. The allegation that Willard told Plaintiff he would be "officially changed," and then allegedly told Plaintiff that he (Willard) had been lying about that is certainly not sufficient to state a claim for defamation. Nor does Plaintiff allege specifically the names of the persons or entities to whom Willard allegedly made whatever statements Plaintiff claims are somehow defamatory (aside from "Supervisor Smith"). Compl., ¶ 54. As for the few allegations that are not legal conclusions, they are nonactionable opinions and/or privileged statements.

As best as Simplot can tell from Plaintiff's Complaint, he may be attempting to argue that Willard stated that Plaintiff "was incompetent, violated company policy, failed to perform and

complete his work, engaged in misconduct and deserved to be terminated." Compl., ¶ 54. According to Plaintiff's own Complaint, any such statements were made while Willard was "acting within the course and scope of their agency or employment" speaking with "[Supervisor] Smith," "staff in Human Resources in order to get approval for Plaintiff's termination," and "subsequent potential employers, expressly or by implication." Compl., ¶ 54. Such statements amount to no more than opinion, and cannot form the basis of a defamation claim. *Terry v. Davis Community Church*, 131 Cal. App. 4th 1534, 1552 (2005) ("Statements of fact are actionable as defamation, while opinions generally are not."); *see also Jaramillo v. Food 4 Less Madera*, Civ. No. F10-1283 LJO GSA, 2010 U.S. Dist. LEXIS 120930, 2010 WL 4746170, *24 (E.D. Cal. Nov. 16, 2010) (finding alleged statements critical of employee's job performance in a performance evaluation and in the context of verbal employment references were non-actionable opinions even though they implied that the employee was unsuitable for continued employment). Indeed, it is well settled California law that an assessment of an individual's employment performance cannot support a cause of action for defamation unless it "falsely accuses an employee of criminal conduct, lack of integrity, dishonesty, incompetence or reprehensible personal characteristics or behavior." *Jensen v. Hewlett-Packard Co.*, 14 Cal. App. 4th 958, 965 (1993). "This is true even when the employer's perceptions about an employee's efforts, attitude, performance, potential or worth to the enterprise are objectively wrong and cannot be supported by reference to concrete, provable facts." *Id.*

Not only are the vague statements attributed to Willard not defamatory because they are opinions, but any such criticisms of Plaintiff's performance as an employee of Simplot would be subject to the common interest privilege, which is codified by California Civil Code Section 47(c). At common law, the common interest privilege "protected communications made in good faith on a subject in which the speaker and hearer shared an interest or duty." *Kashian v. Harriman*, 98 Cal. App. 4th 892, 914 (2002) (*quoting, in part*, *Brown v. Kelly Broad. Co.*, 48 Cal. 3d 711, 727 (1989)). Under Civil Code Section 47(c), a publication is privileged if it is made without malice "to a person interested therein, [] by one who is also interested." Communications between an employer and employees concerning the reasons for terminating another employee are routinely found to be subject to the common interest privilege. *Deaile v. Gen. Tel. Co. of Cal.*, 40 Cal. App.

3d 841, 846-47 (1974) (concluding that communicating to employees the reasons for another employee's forced retirement were "of a kind reasonably calculated to protect or further a common interest of both the communicator and the recipient" because the information was disseminated only to preserve employee morale and job efficiency, and was not malicious). Here, Willard's statements (whatever they were, which is not clear), were alleged to have been made while Willard was "acting within the course and scope of [his] agency or employment" speaking with "[Supervisor] Smith," and "staff in Human Resources in order to get approval for Plaintiff's termination." Compl., ¶ 54. Such statements fall squarely within the common interest privilege. *Deaile*, 40 Cal. App. 3d 841. Plaintiff's allegation that Willard made statements to "subsequent potential employers, expressly or by implication," also fall under this privilege. Compl., ¶ 54; Cal. Civ. Code § 47(c) (expanding privilege to the context of employment references).

Nor are there any facts asserted to support the assertion of malice on Willard's part. Malice cannot be inferred from the communication of the allegedly defamatory statement itself. Cal. Civ. Code § 48. Plaintiff must specifically allege actual malice. *Robomatic, Inc., v. Vetco Offshore*, 225 Cal. App. 3d 270, 276 (1990). Indeed, "a general allegation of malice will not suffice; [the] plaintiff must allege detailed facts showing [the] defendant's ill will towards him." *Id.*; *see also Martin v. Kearney*, 51 Cal. App. 3d 309, 312 (1975). Therefore, Plaintiff's conclusory allegations of malice, found at Paragraph 59 of the Complaint, are insufficient to overcome the common interest privilege.

*Narayan v. Compass Grp. USA, Inc.*, 284 F. Supp. 3d 1076 (E.D. Cal. 2018) is instructive. In *Narayan*, a former employee alleged that his former employer made defamatory statements about him at an internal "termination meeting" where his former manager was present. *Id.* at 1085-86. The court found that the common interest privilege applied because the communications took place between fellow managers who had a common business interest in the employee's termination. *Id*. The plaintiff tried to overcome the privilege to defeat diversity jurisdiction (since the manager was a citizen of the same state) by contending that it is "implausible for a reasonable person to believe Plaintiff could not perform the essential functions of his position when he had been performing them without accommodations for almost [six] months." *Id.* at 1087. The court

rejected the "conclusory allegation" and ruled that the former manager was fraudulently joined and therefore did not destroy diversity jurisdiction. *Id.* at 1087-89.

Just as in *Narayan*, this Court should rule that Willard was fraudulently joined. Plaintiff alleges that Willard's statements were alleged to have been made while Willard was "acting within the course and scope of [his] agency or employment" speaking with "[Supervisor] Smith," and "staff in Human Resources in order to get approval for Plaintiff's termination." Compl., ¶ 54. Such statements fall squarely within the common interest privilege and Willard was fraudulently joined for the purpose of defeating diversity jurisdiction. Complete diversity is present because Plaintiff is a citizen of the State of California and Simplot, the only appropriate defendant, is citizen of the states of Nevada and Idaho. This Court has jurisdiction over the case pursuant to 28 U.S.C. Sections 1332(a) and 1441(a).

### C. AMOUNT IN CONTROVERSY

This Court's jurisdictional minimum, an amount in controversy in excess of $75,000, was satisfied at the time of the filing of this action. This Court may look to the specific amounts prayed for in Plaintiff's Complaint and the removal papers for underlying facts to determine that the amount in controversy exceeds $75,000. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Plaintiff has pleaded for the recovery of compensatory damages (for lost earnings, benefits, and emotional distress), special damages, punitive damages, statutory penalties, and attorney's fees. Compl., ¶¶ 27-29, 34-35, 45-46, 50-52, 68-69, & 77-79, and Prayer for Relief, ¶¶ 1-6. Plaintiff alleges he was terminated from Simplot in October of 2022. *Id.*, ¶¶ 23-24. At the time of termination, Plaintiff's straight-time rate of pay was $18.50 per hour. Killworth Decl., ¶ 8. Simplot uses a two-week pay period. *Id.* Between the period beginning April 19, 2021, and ending October 30, 2022, Plaintiff worked an average of 50.9 regular hours and 2.41 overtime hours during each such two-week pay period. *Id.* On average, he earned approximately $506.40 per week. At the time the Complaint was filed, Plaintiff had been separated from his employment with Simplot for approximately 14 weeks. Compl. ¶¶ 23-24. Plaintiff's alleged back pay at present is $7,059.85. *See Adkins v. J.B. Hunt Transp., Inc.*, 293 F. Supp. 3d 1140, 1144 (E.D. Cal. 2018) (relying on back pay calculation to establish amount in controversy). Plaintiff also seeks front pay, claiming he has

allegedly been unable to secure subsequent employment. *See* Compl., ¶ 69 ("employers with whom he sought work did not respond to his inquiries and applications, and other employers will refuse to employ Plaintiff because of the false statements."). Simplot estimates that Plaintiff has put at issue at least two years of front pay, which would amount to $52,665.60. *Adkins*, 293 F. Supp. 3d at 1144 (generally stating that it is appropriate to consider front pay unless "the Complaint does not expressly seek…front pay.") Therefore, Plaintiff seeks economic damages in excess of $50,000. Plaintiff also alleges that his reputational harm from defamation exceeds $25,000. Compl. ¶ 69.

Plaintiff also alleges that he is entitled to statutory penalties pursuant to various provisions of the California Labor Code. Those penalties mount quickly.

| Statutory Cause of Action Providing for Penalties | Amount of Statutory Penalty |
|---|---|
| Violation of Cal. Lab. Code § 98.6. Compl. ¶ 46. | $10,000.[1] |
| Violation of Cal. Lab. Code § 201. *Id.* ¶ 71-79. | $100. Cal. Lab. Code §§ 201, 2699(f)(2).[2] |
| Violation of Cal. Lab. Code § 203. *Id.* ¶ 71-79. | $4,440.[3] |
| Violation of Cal. Lab. Code § 226. *Id.* ¶ 71-79. | $4,000. Cal. Lab. Code § 226(e)(1).[4] |
| **Total Amount of Alleged Statutory Penalties:** | **$26,540** |

Therefore Plaintiff's alleged economic damages and the statutory penalties exceed $50,000. As set

---

[1] California Labor Code Section 98.6(b)(3) carries a statutory penalty of $10,000 per violation. Cal. Lab. Code § 98.6(b)(3).

[2] California Labor Code Section 2699(f)(2), provides for a statutory penalty of "one hundred dollars…per pay period for the initial violation and two hundred dollars … per pay period for each subsequent violation."

[3] Providing that "wages shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced" up to "30 days." Cal. Lab. Code § 203(a). Courts have used the statutory maximum penalty for the purpose of calculating the amount in controversy by crediting the employee as working full-time (40 hours per week or 8 hours per day) during the thirty-day period. *See, e.g., Adkins*, 293 F. Supp. 3d at 1146 & n.5 ; *Andrade v. Arby's Rest. Grp., Inc.*, 225 F. Supp. 3d 1115, 1139 (N.D. Cal. 2016) (estimating the civil penalty for the Section 203 claim by multiplying the plaintiff's hourly rate of pay by an eight-hour workday over thirty days). The figure above represents Plaintiff's hourly rate multiplied by an eight-hour workday over thirty days.

[4] Providing for recovery of "all actual damages or fifty dollars for the initial pay period in which a violation occurs and one hundred dollars per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars." Cal. Lab. Code § 226(e)(1).

forth below, once Plaintiff's claims for punitive damages, emotional distress damages, and attorney's fees are considered, the amount in controversy far exceeds $75,000.

The Complaint includes a prayer for punitive damages. *See* Compl., ¶¶ 28, 78, and Prayer for Relief, ¶ 3. To estimate punitive damages, a defendant may introduce evidence of jury verdicts in cases involving analogous facts. *See Haase v. Aerodynamics Inc.*, No. 2:09-cv-01751-MCE-GGH, 2009 U.S. Dist. LEXIS 96563, 2009 WL 3368519, at *12 (E.D. Cal. Oct. 16, 2009) (citing *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002)). Although Simplot denies that an award of punitive damages would be appropriate in this case, it provides the Court with punitive damage awards in cases alleging similar claims for purposes of establishing the jurisdictional amount. Where juries award punitive damages against an employer, they often do so in the six- or seven-figure range. *See, e.g., King v. U.S. Bank Nat'l Ass'n*, 53 Cal. App. 5th 675, 723-24 (2020) (reducing punitive damages award on defamation and wrongful termination claim to $2,716,696 where jury found that employer made false statements about employee falsifying vacation records and instructing others to falsify records and reports); *Charles E. Saccio v. Antonio R. Romasanta, et al*, No. 15CV00672, 2016 Jury Verdicts LEXIS 10552 (Santa Barbara Cty. Nov. 22, 2016) ($400,000 punitive damages award on defamation and wrongful termination claim arising from statements made by management criticizing employee's work performance).

Plaintiff also alleges that he is entitled to damages for emotional distress in an unspecified amount. Compl., ¶¶ 27, 34, 45, 51, and 62. These damages also must be considered in calculating the amount in controversy. *See Adkins*, 293 F. Supp. 3d 1140 (citing *Simmons*, 209 F.Supp.2d at 1031-1035)). To "establish the likely amount of recoverable emotional distress damages, a removing defendant may provide evidence in the form of jury verdicts from similar cases." *Adkins*, 293 F. Supp. 3d 1140 (citing *Lisa Amanda Guillen, et al. v. Kindred Healthcare Operating, Inc.*, Civ. No. 17-2196 JAK FEMX, 2018 U.S. Dist. LEXIS 38458, 2018 WL 1183354, at *5 (C.D. Cal. Mar. 7, 2018)). Again, while Simplot disputes Plaintiff's entitlement to damages, it provides the Court with jury verdicts awarding emotional distress damages in cases with similar claims pled. *See, e.g., King*, 53 Cal. App. 5th at 722 (2020) (reinstating a jury's $1 million emotional distress damages for defamation and wrongful termination where jury found that employer made false statements about

employee falsifying vacation records and instructing others to falsify records and reports); *Saccio*, No. 15CV00672, 2016 Jury Verdicts LEXIS 10552 (Santa Barbara Cty., Nov. 22, 2016) ($75,000 emotional distress damages award for defamation and wrongful termination claim relating to criticism of work performance).

Finally, Plaintiff seeks statutory attorney's fees and costs, which are available to him based on his claim under the California Labor Code. Compl., ¶¶ 46, 71-79, and Prayer for Relief, ¶ 6. When authorized by statute or contract, attorney's fee claims are must be considered in determining the amount in controversy. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (attorney's fees may be included in the amount in controversy if recoverable by statute or contract). "[T]he measure of fees should be the amount that can reasonably be anticipated at the time of removal, not merely those already incurred." *Simmons*, 209 F. Supp. 2d at 1035. "The amount of fees commonly incurred in similar litigation can usually be reasonably estimated based on experience." *Adkins*, 293 F. Supp. 3d 1140 (quoting *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002)). Awards of attorney's fees in cases with similar claims show that the attorneys' fees Plaintiff has put at issue are significant. In recent cases, various district courts in California assumed 100 billable hours at an hourly rate of $300 as a basis for estimating attorney's fees in employment litigation involving claims of wage and hour violations, discrimination, and wrongful termination. *Adkins*, 293 F. Supp. 3d at 1148 (citing *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB AJWX, 2015 U.S. Dist. LEXIS 25921, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015) (collecting cases)); *Garcia v. Commonwealth Fin. Network*, Case No. 20-cv-1483-BAS-LL, 2020 U.S. Dist. LEXIS 220533, at *21 (S.D. Cal. Nov. 24, 2020). Thus, $30,000 is a conservative estimate to litigate Plaintiff's claims through trial. *Id.* Adding the potential recovery of attorney's fees, it is factually apparent from the body of the Complaint that the damages sought by Plaintiff are well in excess of $75,000.

Numerous bases exist to establish that the amount put at issue by Plaintiff exceeds the Court's jurisdictional minimum.

IV.     **SIMPLOT HAS SATISFIED THE REMOVAL REQUIREMENTS**

Because this civil action is between citizens of different states and the amount in controversy

exceeds $75,000, exclusive of interest and costs, Simplot respectfully requests that this Court exercise its removal jurisdiction over this action.

In the event this Court has any question regarding the propriety of this Notice of Removal, Simplot requests that the Court issue an Order to Show Cause so that Simplot may have an opportunity to more fully brief the basis for this removal

WHEREFORE, Simplot removes the above-captioned action to the United States District Court for the Eastern District of California.

DATED:  February 13, 2023

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.


By: */s/ Elizabeth A. Falcone*
Elizabeth A. Falcone
Attorneys for Defendant
J.R. SIMPLOT COMPANY